http://www.va.gov/vetapp16/Files4/1630420.txt

Citation Nr: 1630420 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 11-32 274 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Oakland, California

THE ISSUES

1. Entitlement to an initial evaluation for posttraumatic stress disorder (PTSD) in excess of 50 percent prior to January 15, 2016, and in excess of 70 percent thereafter.

2. Entitlement to a total disability rating for compensation based upon individual unemployability (TDIU). 

REPRESENTATION

Appellant represented by: California Department of Veterans Affairs

WITNESS AT HEARING ON APPEAL

The Veteran and L.B.

ATTORNEY FOR THE BOARD

A. Budd, Associate Counsel

INTRODUCTION

The Veteran served on active duty from September 1965 to September 1967.

These matters come before the Board of Veterans' Appeals (Board) on appeal from a February 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Oakland, California. The evaluation of the Veteran's PTSD was raised to 50 percent effective January 7, 2009 by an October 2011 rating decision, and was raised to 70 percent effective January 15, 2016 by an April 2016 rating decision. As the benefit awarded in these rating decisions is still less than the maximum benefit available, the appeal is still pending. AB v. Brown, 6 Vet. App. 35, 38 (1993). These matters were previously remanded by the Board in May 2014. 

The Veteran testified before the undersigned Veterans Law Judge (VLJ) at a hearing in September 2012. A transcript of that hearing is of record. 

The appeal is REMANDED to the agency of original jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

Unfortunately, additional remand is required. The May 2014 Board remand instructed the Appeals Management Center (AMC) to obtain treatment records from L. Bolen, dated from December 2008 to the present. In accordance with that instruction, the AMC sent a letter in June 2014 requesting authorization to obtain information from L. Bolen. Although the Veteran sent a VA Form 21-4142a General Release for Medical Provider Information to the Department of Veterans Affairs and VA Form 21-4142 Authorization to Disclose Information to the Department of Veterans Affairs for L. Bolen in October 2014, an attempt to obtain these treatment records has not been made. Additionally, in January 2016, VA received a letter from Dr. R. Fiscella discussing the Veteran's current mental health. Although the record does contain treatment records from Dr. R. Fiscella ending June 11, 2009, the letter referenced treatment on April 30, 2015. A record of this treatment is not associated with the claims file. An attempt should be made to obtain records from L. Bolen as well as updated records from Dr. R. Fiscella upon remand. Ivey v. Derwinski, 2 Vet. App. 320, 323 (1992). 

The claims folder should also be updated to include VA treatment records compiled since July 16, 2015. See 38 C.F.R. § 3.159(c)(2); see also Bell v. Derwinski, 2 Vet. App. 611 (1992). 

Accordingly, the case is REMANDED for the following action:

1. Obtain all treatment records for the Veteran from the VA Northern California Health Care System and all associated outpatient clinics including the Redding Outpatient Clinic dated from July 16, 2015 to the present. If any records cannot be obtained after reasonable efforts have been made, notify the Veteran and allow him the opportunity to provide such records, as provided in 38 U.S.C.A. § 5103A(b)(2) and 38 C.F.R. § 3.159(e). All attempts to obtain the records must be documented in the claims file.

2. After obtaining any appropriate authorization, attempt to obtain the treatment records from L. Bolen, who is identified in the October 2014 VA Form 21-4142a, and Dr. R. Fiscella, who wrote a letter received in January 2016. 

The AOJ must make two attempts to obtain these records unless the first attempt demonstrates that further attempts would be futile. If no records are obtained, the AOJ must (1) inform the Appellant of the records that were not obtained (2) tell the Appellant what steps were taken to obtain them, and (3) tell the Appellant that the claim will be adjudicated without the records but that if she later submits them, the claim may be reconsidered. See 38 U.S.C.A. § 5103A(b)(2)(B) (West 2002 & Supp. 2013)).

3. After completing the above development, readjudicate the issues on appeal. If any benefit sought remains denied, issue a supplemental statement of the case and return the case to the Board. 

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
U. R. POWELL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).